FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 18 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAUREN MCALISTER**                                              **PLAINTIFF**

vs.                            No. 4:20-cv-158-BRW

**U.S. PIZZA COMPANY, INC.**                                     **DEFENDANT**

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Lauren McAlister ("Plaintiff"), by and through her attorneys April Rheaume and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Defendant U.S. Pizza Company, Inc. ("Defendant"), she does hereby state and allege as follows:

### I.   INTRODUCTION

1. This is an action for wages owed. Defendant owns and/or operates several U.S. Pizza restaurants in Arkansas. Defendant employed Plaintiff as a server at its restaurant in Maumelle.

2. Plaintiff spent more than 20% of her time performing non-tipped duties for Defendant such as taking phone and drive-thru orders, cleaning, preparing food, rolling silverware, and folding boxes. Because Plaintiff spent more than 20% of her time performing non-tipped duties for Defendant, Defendant was required to pay Plaintiff at least minimum wage for that time.

3. Defendant required Plaintiff to perform work that was unrelated to her tipped duties, such as sweeping floors, cleaning bathrooms, and washing windows, for which Defendant paid Plaintiff less than minimum wage.

4.  Defendant's policies violate the Arkansas Minimum Wage Act ("AMWA") and the Fair Labor Standards Act ("FLSA") because Plaintiff was not compensated at the statutory minimum wage.

## II.  JURISDICTION AND VENUE

6.  This is an action brought by Plaintiff for violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

7.  Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay minimum wages under the FLSA and the AMWA.

8.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9.  This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court therefore has pendent jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

10. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

11. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendant's principle place of business is within the Eastern District of

Arkansas, and Defendant therefore "resides" in this district.

### III. THE PARTIES

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff, as an employee of Defendant, was engaged in commerce or in the production of goods for commerce.

14. Defendant U.S. Pizza Company, Inc., is an Arkansas for-profit corporation that owns and operates several U.S. Pizza restaurants in Pulaski County.

15. Defendant operates the U.S. Pizza restaurant located at 109 Commons Drive, Maumelle, Arkansas 72113.

16. Defendant's registered agent for service of process is Kelli S. Enlow, who may be served at 2710 Kavanaugh Boulevard, Little Rock, Arkansas 72205.

17. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

18. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

19. During each of the three years preceding the filing of this Complaint, Defendants continuously employed at least four (4) employees.

20. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

## IV. FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. Plaintiff was employed by Defendant as an hourly, non-exempt server at U.S. Pizza during the time period relevant to this lawsuit.

23. Defendant pays its servers less than the statutory minimum wage. Instead of paying the required minimum wage, Defendant takes advantage of the tip credit allowed by 29 U.S.C. § 203(m) and Ark. Code Ann. § 11-4-212.

24. As a server, Plaintiffs performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as taking phone and drive-thru orders, preparing food, folding boxes, or washing dishes ("non-tipped work").

25. Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

26. Taking phone and drive-thru orders, folding boxes, washing dishes and other non-tipped duties are a regular part of servers' jobs. Non-tipped duties occupy approximately forty percent of servers' time.

27. Plaintiff's non-tipped work includes both duties that are related to Plaintiff's tipped occupation, such as making tea and rolling silverware; and duties that are unrelated to Plaintiff's tipped occupation, such as sweeping the floors and parking lot, washing windows, and cleaning restrooms.

28. Defendant paid Plaintiff the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

29. As a result of the policies put in place by Defendant, Plaintiff was often required to perform non-tipped work for less than minimum wage.

30. Plaintiff is entitled to the return of her tips and wages and compensation based on the standard minimum wage for all hours spent on non-tipped work.

## V.   FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

32. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

33. At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

34. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

35. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the standard minimum wage under the FLSA because it failed to distinguish between time that Plaintiff spent on tipped work and time she spent on non-tipped work.

36. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received.

37. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

38. Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VI. SECOND CLAIM FOR RELIEF
### (Arkansas Minimum Wage Act)

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40. At all relevant times, Plaintiff was entitled to the rights, protection and benefits provided by the AMWA.

41. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

42. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

43. Defendant failed to pay Plaintiff the minimum wages required under the AMWA for non-tipped work.

44. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint.

46. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

47.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lauren McAlister respectfully prays as follows:

A.     That Defendant be summoned to appear and answer this Complaint;

B.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

C.     A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and the regulations at 29 C.F.R. § 516, *et seq.*;

D.     A declaratory judgment that Defendant's practices violate the AMWA, Ark. Code Ann. § 11-4-201, *et seq.,* and the relating regulations;

E.     Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.     Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

G.     Judgment for liquidated damages pursuant to the Fair Labor Standards

Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I. For a reasonable attorneys' fee, costs, and interest; and

J. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LAUREN McALISTER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER,
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rheaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com